460

891 P.2d 1214

**In the Matter of Don KLEIN, Jr., Esq., an Attorney Licensed to Practice Law in the Courts of the State of New Mexico.**

No. 21229.

Supreme Court of New Mexico.

March 23, 1995.

David A. Baca, Deputy Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Don Klein, Jr., Albuquerque, pro se.

## OPINION

PER CURIAM.

This matter came before the Court upon disciplinary counsel's verified motion for order to show cause requesting that Don Klein, Jr., be ordered to show cause why his probation should not be revoked and further discipline imposed. On April 1, 1994, this Court granted the motion and directed Klein to appear before the disciplinary board to address allegations that, during his probation period, he committed additional violations of the Rules of Professional Conduct and failed to respond to requests for supplemental information from disciplinary counsel. Klein subsequently entered into a second agreement not to contest and consent to discipline on the issues set forth in the order to show cause and the motion for order to show cause. We hereby adopt the disciplinary board's recommendations and approve the second agreement not to contest and consent to discipline.

Klein originally was placed on probation as a result of violations of the Rules of Professional Conduct that occurred during his representation of Jon Anthony Dienlin. On or about January 11, 1991, Klein was retained to represent Mr. Dienlin in a divorce proceeding. Thereafter, on May 20, 1991, Klein scheduled an appointment with his client to discuss pending matters. While Mr. Dienlin appeared at the meeting location, Klein failed to appear for the appointment. Subsequently, Mr. Dienlin attempted to communicate with Klein by telephone and correspondence, but received no response. Although Mr. Dienlin was required to be out of the country periodically, at all times during the course of the representation he maintained the same mailing address and telephone number.

On July 9, 1991, a pretrial hearing was scheduled in the Dienlin's divorce proceeding. Klein failed to provide notice of the pretrial hearing to his client and failed to attend the hearing. On August 12, 1991, a hearing on the issues of child custody and support was scheduled by the court and Klein again failed to provide notice to Mr. Dienlin, but appeared despite his failure to contact or consult with his client. At that hearing, Klein unsuccessfully moved for a continuance. The court subsequently entered an order regarding interim child custody and interim support. The order reflected an annual income that was imputed to Mr. Dienlin, and an interim amount of child support was ordered to be paid. Klein failed to notify Mr. Dienlin regarding the entry of the interim support order despite the fact that the order would become final unless either party filed a motion for reconsideration within thirty (30) days. Mr. Dienlin did not receive notice of the entry of the order and

subsequently became aware of the order in November 1991.

Klein agreed not to contest allegations that in the course of representing Mr. Dienlin, he violated SCRA 1986, 16–101, 16–102, 16–103, 16–104, and 16–804(H) of the Rules of Professional Conduct. Pursuant to the first agreement not to contest and consent to discipline, Klein understood and agreed that he would be formally reprimanded by the disciplinary board and that the imposition of the formal reprimand would be deferred for a period of twelve (12) months during which time he would be placed on probation under certain conditions. Klein also understood and agreed that if he successfully completed his twelve-month probation and was discharged pursuant to the terms of SCRA 1986, 17–214(H), he would receive an informal admonition rather than a formal reprimand.

One of the conditions of Klein's probation was that he not commit any violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Repl.Pamp.1991 & Cum. Supp.1994), and the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl. Pamp.1991 & Cum.Supp.1994). Furthermore, Klein understood that any failure to comply with the terms and conditions of his probation would be brought to the attention of this Court through a motion for order to show cause, and that he would be subject to the contempt powers of this Court as provided by Rule 17–206(G). Nevertheless, Klein was the subject of two additional disciplinary matters filed during his probationary period.

In September 1993, Klein was named in a disciplinary complaint submitted by Michael C. Temple alleging ineffective assistance of counsel. Klein previously represented Mr. Temple in Socorro County criminal matter numbered CR 91–032 and captioned *State v. Temple.* On January 5, 1994, and again on January 25, 1994, Klein was advised of Mr. Temple's disciplinary complaint and asked to respond to the allegations contained therein. Klein was uncooperative with disciplinary counsel by failing to timely respond to Mr. Temple's complaint. Klein subsequently filed a response only after disciplinary counsel filed a motion for order to show cause in this Court.

On or about October 17, 1993, a disciplinary complaint was submitted to the disciplinary board by Bernalillo County District Court Judge James Blackmer arising out of Klein's representation of his brother in cause numbered DR 79–01930 and captioned *Klein v. Williams,* a long-standing domestic relations case involving unresolved issues of child custody and visitation. In the course of the proceedings, it became necessary for the court to appoint a *guardian ad litem* for the minor child.

On February 26, 1993, following hearings held in the Klein domestic relations case, the court entered an order establishing interim guardianship and custody of the parties' minor child. On March 30, 1993, the court entered a supplemental order containing certain provisions omitted from the February order. On September 21, 1993, despite the existence of orders establishing interim guardianship and custody of the child, Klein petitioned for appointment of guardian in the Seventh Judicial District in Socorro County. The guardianship petition was presented without informing the court of the domestic relations case pending in the Second Judicial District or to the previous orders issued by Judge Blackmer. Klein also failed to file or include the mandatory affidavit required under NMSA 1978, Section 40–10–10(A), or give notice of the guardianship petition to the *guardian ad litem.* As a result, the Seventh Judicial District Court issued an order appointing Klein as the temporary guardian of the minor child. Klein misled the Seventh Judicial District Court by failing to disclose the pending case and the existence of standing orders entered by Judge Blackmer in the Second Judicial District.

Judge Blackmer's complaint alleged that Klein violated Rules 16–303 and 16–304 of the Rules of Professional Conduct as a result of his actions in filing the guardianship proceeding in the Seventh Judicial District. When notified regarding Judge Blackmer's disciplinary complaint, Klein provided an initial response, but subsequently failed to cooperate during the investigation by not responding to requests for supplemental infor-

mation requested by disciplinary counsel on January 5, 1994, and again on January 21, 1994. Klein responded to disciplinary counsel's request for supplemental information only after the filing of a motion for order to show cause in this Court.

As a result of the two disciplinary matters filed during Klein's probation and his failure to cooperate with disciplinary counsel in the investigation of these complaints, disciplinary counsel moved this Court for an order to show cause requesting that Klein be ordered to show why he should not be held in contempt for his failure to comply with the terms of the probation established in the Dienlin disciplinary matter. Klein subsequently entered into a second agreement not to contest and consent to discipline. The disciplinary board's hearing officer considered the agreement and recommended that it be accepted and approved by the board. Pursuant to the second agreement not to contest and consent to discipline, Klein agreed to be formally reprimanded pursuant to Rule 1986, 17–206(A)(5) for violations of Rules 16–101, 16–102, 16–103, 16–104, and 16–804(H) in the Dienlin matter. With regard to the allegations of ineffective assistance of counsel raised in Mr. Temple's complaint, the hearing officer noted that Klein's representation in that criminal matter did not appear to involve dishonesty or an intentional disregard of his client's interests, but probably was the result of poor caseload management, lack of organization, and poor judgment. As to the alleged violations of the Rules of Professional Conduct contained in the disciplinary complaint filed by Judge Blackmer, Klein agreed not to contest alleged violations of Rules 16–303, 16–304, and 16–803(D).

IT IS THEREFORE ORDERED that the recommendation of the disciplinary board hereby is approved and Klein shall be disciplined as follows:

1. Klein shall be formally reprimanded pursuant to Rule 17–206(A)(5) for violations of Rules 16–101, 16–102, 16–103, 16–104, and 16–804(H);

2. With regard to the violations of Rules 16–303, 16–304, and 16–803(D), Klein shall be suspended from the practice of law for a period of six months pursuant to Rule 17–206(A)(2), which suspension shall be deferred;

3. Klein shall be placed on probation for a period of twelve (12) months pursuant to Rule 17–206(B)(1) on the following terms and conditions:

A. During the period of probation Klein shall be supervised by a licensed New Mexico attorney approved by the disciplinary board;

B. Klein shall meet with his probationary supervisor at times and places directed by the probationary supervisor and accept instructions from him or her regarding appropriate record keeping and law office management procedures;

C. Klein shall meet with his probationary supervisor at times and places directed by the probationary supervisor and perform an inventory of his caseload and its status, and, if directed by the probationary supervisor, reduce his caseload to a manageable level and thereafter restrict his caseload to a manageable level as determined by the probationary supervisor;

D. Klein shall accept instruction from his supervisor regarding the development of a system for prompt communication with clients and opposing counsel and demonstrate his understanding of these matters to the satisfaction of his supervisor;

E. Klein shall confer with his supervisor at least one time each month about the volume of his caseload and will abide by the supervisor's determination of whether he may accept new cases and, if so, the number of new cases he may accept, which determination shall be based solely upon a showing that he has sufficient time to handle that number of new cases with reasonable diligence, including but not limited to having sufficient time to promptly communicate with clients and opposing counsel concerning the matter;

F. Klein shall follow all reasonable directions of his probationary supervisor in a prompt and satisfactory manner;

G. Klein shall observe all Rules of Professional Conduct and Rules Governing Discipline;

H. During the probationary period and at his own expense, Klein shall take the CLE programs listed in the agreement not to contest and consent to discipline, all of which are available from CLE, Inc. of the State Bar of New Mexico;

I. Klein shall furnish a written report to the probationary supervisor stating the amount of time spent studying each of the required CLE programs and including a short precis of the contents of the program for review by the probationary supervisor;

J. Klein shall otherwise give his full and prompt cooperation to disciplinary authorities pursuant to Rule 16–803(D);

K. Klein shall promptly and timely respond to any and all complaints filed with the disciplinary board after the date hereof along with any requests from disciplinary counsel for additional information relating to such complaints.

IT IS FURTHER ORDERED that Klein's failure to comply with any terms and conditions of the agreement or orders of this Court shall be brought to the Court's attention and he shall be subject to the contempt powers of this Court pursuant to Rule 17–206(G).

IT IS FURTHER ORDERED that, following the completion of the probationary period, Klein shall provide adequate documentation that he successfully completed the terms of probation and fully complied with the provisions of Rule 17–214(H) in order to be terminated from probationary status.

IT IS FURTHER ORDERED that Klein shall pay all costs of these disciplinary proceedings and any costs incurred by the probationary supervisor.

IT IS SO ORDERED.